■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERMAN WALKER, Appellant. [628 NYS2d 950] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered June 16, 1992, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

County (Beerman, J.), rendered April 9, 1992, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Having issued a *sua sponte* determination that the defense counsel was systematically excluding whites from the jury, the trial court called upon counsel to articulate a nondiscriminatory explanation for his peremptory challenge to the prospective juror who was eventually seated as juror number 11. The defense counsel explained that his challenge was based upon the prospective juror's statement that she had previously been the victim of two muggings. Although the court made no finding that this explanation was merely pretextual and the extensive colloquy upon which we review the defendant's present contention *(see, People v Scott,* 70 NY2d 420, 423-424) reveals no basis for such a finding, the trial court nevertheless ordered the prospective juror seated based upon her assurance that she could consider the evidence in an unbiased manner. This constituted a deprivation of the defendant's statutory right to exercise peremptory challenges, and a new trial is therefore warranted *(see, People v Velasquez,* 213 AD2d 505; *People v Dixon,* 202 AD2d 12; *cf., People v Jupiter,* 210 AD2d 431).

Contrary to the defendant's contention, we find that the People were under no obligation to attempt to contact an assigned attorney who had represented the defendant in an unrelated criminal matter prior to executing an order to remove the defendant from jail and place the defendant in a lineup *(cf., People v Coates,* 74 NY2d 244, 249). In any event, we note that the defendant was represented at the lineup by an attorney who had been appointed for him by the Queens County Supreme Court. Balletta, J. P., O'Brien, Thompson and Ritter, JJ., concur.