■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VEGA, Appellant. [658 NYS2d 988] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered July 27, 1995, convicting him of murder in the second degree and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the fourth round of jury selection, the People made a reverse-Batson claim (see, Batson v Kentucky, 476 US 79) after the defendant exercised five of his six peremptory challenges against white jurors. The defense counsel did not contest the prosecutor's claim of a prima facie violation and offered race-neutral explanations for the peremptory challenges. On appeal, the defendant contends that the trial court erred in rejecting as pretextual his explanation for the challenge to juror number nine and seating that juror over his objection.

Once a facially race-neutral explanation is offered for a peremptory challenge, the trial court must determine whether the proffered explanation is pretextual (see, People v Payne, 88 NY2d 172; People v Allen, 86 NY2d 101). The trial court's determination is entitled to great deference on appeal and will not be disturbed where it is supported by the record (see, People v Hernandez, 75 NY2d 350, 356, affd 500 US 352; People v Waldo, 221 AD2d 390). The record supports the determination of the trial court that the explanation based on the juror's status as a crime victim was pretextual as it was not equally applied to other prospective jurors (see, People v Allen, supra; People v Jupiter, 210 AD2d 431).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are either unpreserved

for appellate review or without merit. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.