■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR REYES, Appellant. [669 NYS2d 515] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered July 25, 1995, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the third round of jury selection, the People made a reverse-*Batson* claim (*see, Batson v Kentucky,* 476 US 79) after the defendant exercised nine peremptory challenges, all against white jurors. The trial court ruled that the prosecutor had made a prima facie showing of discrimination and requested that defense counsel offer race-neutral explanations for the peremptory challenges. The trial court rejected defense counsel's reason as pretextual as to one juror, and it seated that juror over the defendant's objection.

The record supports the determination of the trial court that the explanation, based on the juror's status as a crime victim who failed to report his crime, was pretextual, as it was not equally applied to other prospective jurors (*see, People v Allen,* 86 NY2d 101; *People v Jupiter,* 210 AD2d 431).

We have considered the defendant's remaining contention and find it to be without merit. Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RODRIGUEZ, Appellant. [669 NYS2d 515] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated September 23, 1991 (*People v Rodriguez,* 176 AD2d 299), affirming a judgment of the Supreme Court, Kings County, rendered December 22, 1983.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Rosenblatt, Ritter and Thompson, JJ., concur.