■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SIMPSON, Appellant. [681 NYS2d 229] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.),

rendered May 16, 1996, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, unanimously affirmed.

After conducting a *Batson* analysis, the court properly found that the prosecutor's race-neutral explanations for peremptorily challenging two jurors were not pretextual, where one juror demonstrated uncertainty during voir dire concerning her impartiality and the other juror was properly viewed as having insufficient life experience for serious decision-making. Contrary to defendant's contention, the prosecutor acted consistently in challenging another prospective juror for similar reasons. The court's findings are entitled to great deference (*People v Hernandez*, 75 NY2d 350, 356-358, *affd* 500 US 352). We have considered and rejected defendant's remaining arguments on the issue.

Defendant was not deprived of a fair trial by references to an uncharged robbery where the jury was instructed that the testimony was admitted only to explain why the police concentrated on defendant as a suspect (*People v Till*, 87 NY2d 835). The court provided forceful and extensive curative instructions, struck certain irrelevant testimony and instructed the jury to disregard it, and corrected itself when it appeared it may have made an inadvertent misstatement with regard to the allegations against defendant.

Defendant's contention that he was prejudiced by the court's decision to remand him to custody near the end of the trial rests on speculation. Concur—Nardelli, J. P., Wallach, Tom and Andrias, JJ.