■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NIXON, Appellant. [702 NYS2d 607] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered September 25, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the second round of jury selection, the People raised a reverse-*Batson* claim (*see, Batson v Kentucky,* 476 US 79) based upon the defendant's exercise of peremptory challenges to exclude six out of seven white prospective jurors. The court ruled that the prosecutor had made a prima facie showing of discrimination, and asked defense counsel to explain the challenges. Although defense counsel offered facially race-neutral reasons for the challenges, the court found that his explanations for striking two of the prospective jurors were pretextual, and directed that they be seated. When the defendant exercised peremptory challenges against two additional white prospective jurors during the third round of voir dire, the prosecutor renewed her *Batson* objection, and the court subsequently disallowed one of the challenges.

Contrary to the defendant's contention, the court properly disallowed his challenges to these three white prospective jurors. The court's determination that defense counsel's proffered reasons for challenging the jurors were pretextual is supported by the record (*see, People v Allen,* 86 NY2d 101; *People v Reyes,* 248 AD2d 493; *People v Hill,* 245 AD2d 464; *People v Covington,* 238 AD2d 604; *People v Townsend,* 234 AD2d 487; *People v Morrison,* 220 AD2d 694). O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.