■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JABAR BROWN, Appellant. [793 NYS2d 425]—

Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered August 29, 2000, convicting defendant, after a jury trial, of attempted murder in the first and second degrees, assault in the first degree (two counts), robbery in the first degree (four counts), and criminal possession of a weapon in the second and third degrees, and sentencing him to a term of 25 years to life for the first-degree attempted murder conviction, consecutive to concurrent terms of 25 years for the second-degree attempted murder conviction, 25 years for each robbery conviction, 20 years for each assault conviction, 15 years for the second-degree weapon conviction and 7 years for the third-degree weapon conviction, resulting in an aggregate term of 50 years to life, unanimously modified, as a matter of discretion in

the interest of justice, to the extent of reducing the sentence for the first-degree attempted murder conviction to 15 years to life and reducing the sentences for the second-degree attempted murder conviction and for each assault conviction and each robbery conviction to 15 years, resulting in a new aggregate term of 30 years to life, and otherwise affirmed.

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). With respect to the first prospective juror in question, the court correctly ruled that defendant failed to establish a prima facie case of discrimination, either on the basis of a pattern, or on any other circumstances. While a prima facie showing of discrimination "may be made based on the peremptory challenge of a single juror that gives rise to an inference of discrimination" (*People v Smocum*, 99 NY2d 418, 422 [2003]), "[h]ere, defense counsel's allegations of discrimination were premised on the purported absence of any legitimate reason to challenge the juror, as opposed to actual facts or circumstances, and were thus insufficient to show a prima facie case of discrimination" (*People v Henderson*, 305 AD2d 940, 941 [2003], *lv denied* 100 NY2d 582 [2003]).

Later in jury selection, the court proceeded to the second and third *Batson* steps with respect to the three other panelists at issue on appeal. After the prosecutor proffered race-neutral reasons for his challenges to these panelists, defendant said nothing. Under *Batson,* it was up to defendant, as the moving party, to persuade the court that the reasons proffered by the prosecutor were merely a pretext for intentional discrimination (*People v Smocum*, 99 NY2d at 422). By accepting the prosecutor's explanations without any further comment, defendant failed to preserve his claims regarding these prospective jurors (*People v Smocum*, 99 NY2d at 423-424), and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Although the court did not explicitly state that it found the prosecutor's explanations to be nonpretextual, the court implicitly made that finding by proceeding with further jury selection following defendant's silence, and such finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). We note that while defendant contends that the court's *Batson* inquiry was unduly "abbreviated," his acceptance of the prosecutor's explanations left nothing to litigate at the third step. Furthermore, the prosecutor had no opportunity to respond to the particular claims of pretextuality raised by defendant for the first time on appeal.

The record establishes that defendant consented to submis-

sion of statutory materials to the deliberating jury pursuant to CPL 310.30 (*see People v Brown*, 90 NY2d 872, 874 [1997]; *People v Spruill*, 245 AD2d 534 [1997], *lv denied* 91 NY2d 1013 [1998]). The court informed the parties of the content of the jury's note requesting a list of the elements of the charges, and of its intent to submit the statutory materials in response, and it had the parties review the materials to be sure they were correct (*compare People v Damiano*, 87 NY2d 477 [1996]). Defendant's remaining contentions concerning the court's response to the jury's note are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

The court took suitable measures to address defendant's complaint that he was being deprived of sleep because of procedures employed by the Department of Correction in transporting him back and forth to court. The record does not establish that defendant was deprived of a fair trial or of his right to be present at trial.

We find the sentences excessive to the extent indicated. Concur—Buckley, P.J., Sullivan, Ellerin, Williams and Catterson, JJ.