■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL WILSON, Appellant. [806 NYS2d 671]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered December 22, 2003, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

During voir dire, the People moved, inter alia, to reinstate four prospective jurors who had been peremptorily challenged by the defendant, claiming that the defendant sought to challenge them on purely pretextual grounds (*see Batson v Kentucky,* 476 US 79 [1986]; *Georgia v McCollum,* 505 US 42 [1992]; *People v Kern,* 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The defendant claimed that the explanations for the peremptory challenges were not pretextual, as the prospective jurors were victims of crimes. The trial court, after questioning each challenged prospective juror to determine whether he or she could assess the evidence without bias, found the defendant's explanation to be pretextual and reinstated the four prospective jurors.

The trial court erred in rejecting the defendant's peremptory challenges, as he put forth a nonpretextual reason based on questioning and facts adduced during voir dire (*see People v Bhupsingh,* 297 AD2d 386, 387 [2002]; *People v Wilson,* 224 AD2d 725, 726 [1996]). Indeed, a prospective juror's status as a prior victim of a crime is a valid basis for a peremptory challenge as "[t]here is a rational basis for the suspicion that a crime victim might be less sympathetic to an accused criminal than would a person who has never been victimized by crime" (*People v Dixon,* 202 AD2d 12, 18 [1994]). Furthermore, assurances from a challenged prospective juror that he or she could assess the evidence in a fair manner even though he or she was a crime victim are irrelevant to the determination of whether

the basis of a peremptory challenge is pretextual (*see People v Walker*, 216 AD2d 426, 427 [1995]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Ritter, J.P., Goldstein, Skelos and Lifson, JJ., concur.