Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered September 27, 2006, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
In Batson v Kentucky (476 US 79, 94-98 [1986]), the United States Supreme Court formulated a three-step test to assess whether peremptory challenges have been used to exclude potential jurors on the basis of race, gender, or other protected categories (see People v Smocum, 99 NY2d 418, 421 [2003]). In step one, the moving party must make a prima facie case of purposeful discrimination by “showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason” (id. at 421). If the moving party makes a prima facie showing, the inquiry proceeds to step two, and the burden shifts to the adversary to provide a facially neutral explanation for the challenge. If the nonmoving party “offers facially neutral reasons supporting the challenge, the inference of discrimination is overcome” (People v Allen, 86 NY2d 101, 109 [1995]). Once facially neutral reasons are provided, the inquiry proceeds to step three, and the burden shifts back to the moving party to prove purposeful discrimination, and “ ‘the trial court must determine whether the proffered reasons are pretextual’ ” (People v Hecker, 15 NY3d 625, 634-635 [2010], cert denied sub nom. Black v New York, 563 US —, 131 S Ct 2117 [2011], quoting People v Allen, 86 NY2d at 104), including whether the reasons apply to the facts of the case, and whether the reasons were applied to only a particular class of jurors and not to others (see People v Richie, 217 AD2d 84, 89 [1995]). Here, the trial court’s determination that the proffered reasons for challenging certain white jurors were pretextual is entitled to great deference on appeal and is supported by the record (see People v Occhione, 94 AD3d 1021, 1022 [2012]; People v Fogel, 73 AD3d 803, 803-804 [2010]; People v Richie, 217 AD2d at 89). Therefore, the Supreme Court properly granted the People’s reverse-Batson challenge (see People v Kern, 75 NY2d 638 [1990], cert denied 498 US 824 [1990]) and seated the subject jurors.
It was improper for the trial court to permit the People to *971 impeach their own witness since her testimony did not tend to disprove a material issue of the case (see CPL 60.35; People v Fitzpatrick, 40 NY2d 44 [1976]; People v Dunston, 100 AD3d 769, 770 [2012]; see also People v Andre, 185 AD2d 276, 277 [1992]). However, the error was harmless because there was overwhelming evidence of the defendant’s guilt, and no significant probability that the jury would have acquitted the defendant had it not been for the error (see People v Saez, 69 NY2d 802, 804 [1987]; People v Crimmins, 36 NY2d 230, 242 [1975]; People v Abdur-Rahman, 69 AD3d 951 [2010]; People v Murillo, 256 AD2d 423, 424 [1998]; People v Comer, 146 AD2d 794, 795 [1989]).
The defendant’s remaining contentions are without merit.
Dillon, J.R, Balkin, Austin and Sgroi, JJ., concur.