# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1209**

**KA 12-01919**

PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

AMILCAR RAMOS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

AMILCAR RAMOS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered July 26, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts) and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]) and two counts of burglary in the first degree (§ 140.30 [2], [4]), defendant contends that Supreme Court did not follow the proper *Batson* procedures in denying his *Batson* challenge and that he was deprived of a fair trial by the prosecutor's allegedly race-based peremptory challenges to three African-American prospective jurors and one Hispanic prospective juror. We reject defendant's contention with respect to the *Batson* procedures. Although the court initially denied the *Batson* challenge before defense counsel had an opportunity to argue that the prosecutor's stated reasons were pretextual, defense counsel nevertheless placed on the record why he believed the reasons were pretextual, whereupon the court again denied the motion. In any event, the court, by initially rejecting the challenge prematurely, can be said to have implicitly determined that the prosecutor's proffered race-neutral reasons were not pretextual (*see People v Carmack*, 34 AD3d 1299, 1301, *lv denied* 8 NY3d 879). We likewise reject defendant's contention that he was denied a fair trial based on the prosecutor's use of peremptory challenges. In response to defense counsel's *Batson* challenge, the prosecutor stated that two of the African-American prospective jurors expressed dissatisfaction with the manner in which the police investigated crimes committed against them,

while the third answered "yes and no" when asked whether he was satisfied with the police handling of a crime reported by his girlfriend. With respect to the Hispanic prospective juror, the prosecutor stated that he indicated that he was inclined to "speculate" rather than base his decision on the facts presented. We note that the prosecutor also struck a Caucasian prospective juror who stated that a relative did not "get a fair shake" by the prosecution in a prior case, and we conclude that the court did not abuse its discretion in determining that the prosecutor's explanations for his peremptory challenges were not pretextual (*see People v Farrare*, 118 AD3d 1477, 1477-1478, *lv denied* 23 NY3d 1061).

Viewing the evidence in the light most favorable to the People (*see People v Williams*, 84 NY2d 925, 926), we reject defendant's further contention that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Two of the victims identified defendant at trial as one of the two perpetrators and, although defendant challenged the credibility and reliability of those witnesses, we must assume the truth of their testimony in the context of a challenge to the sufficiency of the evidence. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson,* 9 NY3d 342, 349), we likewise conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495). We note that "resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we perceive no reason to disturb the jury's resolution of those issues in this case.

We also note that defendant was stopped by the police while driving a vehicle matching the description of the getaway vehicle, i.e, a white Cadillac CTS with large chrome rims and a dark-colored roof. In addition, three calls were made to defendant's cell phone from the cell phone stolen from one of the victims. Those calls were made between 12:57 p.m. and 1:44 p.m. on the day in question, which is when the charged crimes were taking place, and the People presented evidence that defendant's cell phone was "pinging" a cell phone tower close to the crime scene at or about that same time. Under the circumstances, even assuming, arguendo, that a different verdict would not have been unreasonable, we conclude that it cannot be said that the jury failed to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495; *People v Gay*, 105 AD3d 1427, 1427-1428).

We agree with defendant that the court erred in allowing one of the victims to offer voice identification testimony at trial. Prior to trial, the prosecutor had the victim listen to recordings of telephone calls allegedly made by defendant from jail, and the victim identified the voice of the person making the calls as belonging to defendant. The victim offered similar testimony at trial over defendant's objection. Because the People failed to provide defendant with notice of the pretrial voice identification procedure as required by CPL 710.30 (1) (*see generally People v Muneton*, 302 AD2d 246, 246,

*lv denied* 100 NY2d 541), the voice identification testimony was admissible at trial only if the identification was merely confirmatory as a matter of law (*see People v Tas*, 51 NY2d 915, 916; *People v Brito*, 11 AD3d 933, 934, *appeal dismissed* 5 NY3d 825). Contrary to the People's contention, the victim's identification of defendant's voice was not merely confirmatory inasmuch as the victim acknowledged that, although he had heard defendant speak a number of times in the neighborhood, he and defendant had never actually spoken to each other. We thus conclude that the People did not establish as a matter of law that the victim was so familiar with defendant's voice that "the identification at issue could not be the product of undue suggestiveness" (*People v Boyer*, 6 NY3d 427, 431; *see People v Rodriguez*, 79 NY2d 445, 449-450).

We nevertheless conclude that the error is harmless. Defendant did not make any incriminating statements in the jail phone call, and, in any event, another trial witness, a deputy sheriff, identified without objection defendant's voice from the same recordings and thus the victim's improper voice identification testimony was cumulative. We conclude that there is "no reasonable possibility that the error might have contributed to defendant's conviction" (*People v Crimmins*, 36 NY2d 230, 237; *see People v Boop*, 118 AD3d 1273, 1273).

We have reviewed the remaining contentions in defendant's main and pro se supplemental briefs and conclude that they do not require modification or reversal of the judgment.

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court