■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AERRIS GRANT, Appellant. [9 NYS3d 403]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered December 15, 2010, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of the crime beyond a reasonable doubt (*see People v Ayala*, 121 AD3d 1124 [2014]; *People v Baksh*, 43 AD3d 1072 [2007]; *People v Schouenborg*, 42 AD3d 473 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

We are nevertheless compelled to reverse the defendant's conviction because of the trial court's erroneous application of the *Batson* doctrine (*see Batson v Kentucky*, 476 US 79 [1986]).

At the conclusion of the second round of jury selection, the prosecutor raised a reverse-*Batson* objection, asserting that "the defense challenged every Asian person on the panel": two in the first round and three in the second round. The trial

court then demanded race-neutral reasons for defense counsel's challenges to those five prospective jurors. After defense counsel stated her reasons, the court granted defense counsel's peremptory challenges as to three of the five prospective jurors and denied the challenges as to two prospective jurors.

On appeal, the defendant contends that the trial court erred in denying the peremptory challenges as to those two prospective jurors.

The racially motivated use of peremptory challenges (CPL 270.25) by either the defense or the prosecution violates the Equal Protection Clause of both the state and federal constitutions (*see* US Const 14th Amend; NY Const, art I, § 11; *Hernandez v New York*, 500 US 352 [1991]; *Batson v Kentucky*, 476 US at 86; *People v Hecker*, 15 NY3d 625, 650 [2010]; *People v Kern*, 75 NY2d 638 [1990]; *People v Miller*, 266 AD2d 478 [1999]).

"In *Batson*, the United States Supreme Court formulated a three-step test to assess whether peremptory challenges have been used to exclude potential jurors on the basis of race, gender, or other protected categories. In step one, the moving party must make a prima facie case of purposeful discrimination by showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason. If the moving party makes a prima facie showing, the inquiry proceeds to step two, and the burden shifts to the adversary to provide a facially neutral explanation for the challenge. If the nonmoving party offers facially neutral reasons supporting the challenge, the inference of discrimination is overcome. Once facially neutral reasons are provided, the inquiry proceeds to step three, and the burden shifts back to the moving party to prove purposeful discrimination, and the trial court must determine whether the proffered reasons are pretextual" (*People v Bell*, 126 AD3d 718, 719 [2015] [citations and internal quotation marks omitted]; *see People v Luciano*, 10 NY3d 499 [2008]; *People v Carrington*, 105 AD3d 970 [2013]; *People v Richie*, 217 AD2d 84 [1995]). A trial court's step-three determination that the facially race-neutral reasons for a nonmoving party's peremptory challenges to particular jurors were pretextual is entitled to great deference on appeal and will not be disturbed where such determination is supported by the record (*see People v Hecker*, 15 NY3d at 661; *People v Carrington*, 105 AD3d at 970).

Here, defense counsel's reasons for striking one of the two subject prospective jurors were based on her having a son-in-law and two daughters who are attorneys, her status as a crime

victim, and her responses during voir dire indicating "problems that she would have with the proof beyond a reasonable doubt standard." The prosecutor countered with the sole argument that the proffered reason that the subject prospective juror was a crime victim was pretextual, identifying two other prospective jurors (hereinafter K.A.M. and G.A.) who had been seated despite being crime victims. In denying the peremptory challenge as to the subject prospective juror, the court found that the reasons, i.e., her crime victim status and her son-in-law's and daughters' employment status, were pretextual. The court did not examine the third reason for the challenge: the subject prospective juror's claimed problems with the proof beyond a reasonable doubt standard.

The step-two reasons proffered by defense counsel were facially race-neutral (*see People v Payne*, 88 NY2d 172, 186 [1996]; *People v Marcus*, 101 AD3d 1046 [2012]; *People v Wilson*, 23 AD3d 682 [2005]).

The record does not support the trial court's step-three finding of fact as to the subject prospective juror, to wit, that other prospective jurors who were crime victims and who indicated that the incident would not affect them had nevertheless been seated. "[A]ssurances from a challenged prospective juror that he or she could assess the evidence in a fair manner even though he or she was a crime victim are irrelevant to the determination of whether the basis of a peremptory challenge is pretextual" (*People v Wilson*, 23 AD3d at 682-683; *see People v Mack*, 220 AD2d 617, 619 [1995]). Nonetheless, the record indicates that defense counsel treated such jurors consistently by exercising a peremptory challenge for another prospective juror who was not Asian but was a crime victim who provided assurance that nothing in her experience would affect her as a juror. In addition, although defense counsel did not exercise peremptory challenges for K.A.M. and G.A., defense counsel sufficiently distinguished the experiences of those jurors from that of the subject prospective juror, who had been robbed at gunpoint (*see People v Wilson*, 23 AD3d at 682). Consequently, the record supports a finding that defense counsel had legitimate, nonpretextual reasons for challenging prospective jurors based on their crime victim status (*see People v Simpson*, 254 AD2d 150 [1998]; *People v Richie*, 217 AD2d at 89; *cf. People v Quito*, 43 AD3d 411 [2007]; *People v Reyes*, 248 AD2d 493 [1998]; *People v Vega*, 239 AD2d 615 [1997]).

Similarly, defense counsel's proffered rationale for exercising a peremptory challenge against the subject prospective juror based on her son-in-law and two daughters being attorneys

"had some basis in accepted trial strategy" (*People v Hecker*, 15 NY3d at 663 [internal quotation marks omitted]; *see People v Payne*, 88 NY2d at 186; *People v Powell*, 92 AD3d 610 [2012]).

The specific contentions raised by the People on appeal regarding the subject prospective juror's claimed problems with the proof beyond a reasonable doubt standard, inter alia, that her response was effectively favorable to the defense, were not articulated before the trial court and, thus, are not preserved for appellate review (*see* CPL 470.05 [2]; *People v Clarke*, 64 AD3d 612 [2009]; *People v Cunningham*, 21 AD3d 746, 748-749 [2005]; *People v Brown*, 17 AD3d 283 [2005]; *People v Fuller*, 302 AD2d 405 [2003]; *People v Holland*, 268 AD2d 536 [2000]). In any event, the fact that the reason offered corresponds to a valid for-cause challenge demonstrates its race-neutral character (*see Hernandez v New York*, 500 US at 363; *People v Williams*, 107 AD3d 746 [2013]; *People v Martinez*, 207 AD2d 807 [1994]).

In light of our determination, we need not consider the defendant's remaining contentions. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.