People v Pescara (2018 NY Slip Op 04927)





People v Pescara


2018 NY Slip Op 04927


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1391 KA 11-02609

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SCOTT L. PESCARA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered October 21, 2011. The judgment convicted defendant, upon a jury verdict, of attempted aggravated assault upon a police officer or a peace officer, assault in the second degree and reckless endangerment in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one, three and five of the indictment.
Memorandum: On appeal from a judgment convicting him following a jury trial of attempted aggravated assault upon a police officer or a peace officer (Penal Law §§ 110.00, 120.11), assault in the second degree (§ 120.05 [2]), and reckless endangerment in the first degree (§ 120.25), defendant contends, inter alia, that the prosecutor's peremptory challenges to multiple African-American prospective jurors constituted Batson violations, and that County Court, in denying defendant's Batson claims, failed to follow the proper procedures. We agree with defendant, and we therefore reverse the judgment and grant him a new trial on counts one, three and five of the indictment.
In determining whether a party has used peremptory challenges to exclude prospective jurors based on race, trial courts must follow the now-familiar three-step process set forth in Batson v Kentucky (476 US 79, 96-98 [1986]). "At step one, the movant must make a prima facie showing that the peremptory strike was used to discriminate; at step two, if that showing is made, the burden shifts to the opposing party to articulate a non-discriminatory reason for striking the juror; and finally, at step three, the trial court must determine, based on the arguments presented by the parties, whether the proffered reason for the peremptory strike was pretextual and whether the movant has shown purposeful discrimination" (People v Bridgeforth, 28 NY3d 567, 571 [2016]; see People v Hecker, 15 NY3d 625, 634-635 [2010]).
Here, the prosecutor exercised peremptory challenges to six African-American prospective jurors. Defendant raised a Batson claim each time, and the prosecutor, in response, offered facially race-neutral explanations for five of the six challenges. With respect to the challenge for which no race-neutral explanation was proffered, the prosecutor asserted that the prospective juror in question, who had been assigned number 10, was not African-American as defense counsel had claimed. Although the court stated that it did not know whether prospective juror number 10 was African-American, it nevertheless denied the Batson claim without explanation.
Shortly thereafter, the court, at defense counsel's request, questioned prospective juror number 10 at the bench with respect to his race. Prospective juror number 10 stated that he was "African-American black, Caribbean black," explaining that both of his parents were of Caribbean descent and that he considered himself "black culturally." Defense counsel thereafter [*2]referred to his prior Batson claim and stated that it was now clear that prospective juror number 10 was African-American. The court disagreed, stating that prospective juror number 10 was "Carribean," not African-American. After stating that prospective juror number 10's skin color was black, defense counsel noted that there was no race-neutral reason offered by the prosecutor for striking him. The court responded, "Actually, I thought there [was], but the record will stand."
The record establishes that the prosecutor never offered a race-neutral reason for the peremptory challenge of prospective juror number 10. Although the court evidently was under the misapprehension that a race-neutral reason had been offered, it did not determine whether such reason was pretextual, as required by Batson and its progeny.
On appeal, the People do not specifically dispute that prospective juror number 10 is African-American, and we note in any event that "a Batson challenge may be based on color" (Bridgeforth, 28 NY3d at 572). Thus, even assuming, arguendo, that prospective juror number 10 was not African-American, we conclude that he was nevertheless entitled to protection under Batson based on the color of his skin. According to the People, however, the court properly denied defendant's Batson claim because defendant failed to meet his initial burden of establishing a prima facie case of discrimination under People v Childress (81 NY2d 263, 267 [1993]). The People raise that contention for the first time on appeal, and it therefore is unpreserved for our review (see CPL 470.05 [2]). Regardless of the lack of preservation, we note that the court did not deny the Batson claim on the ground that defendant failed to meet his initial burden of proof, and we are thus precluded from affirming the judgment on that ground (see People v Concepcion, 17 NY3d 192, 197-198 [2011]; People v LaFontaine, 92 NY2d 470, 474 [1998]).
In any event, we conclude that defendant did in fact meet his initial burden, thereby shifting the burden to the People to offer a race-neutral explanation for the peremptory challenge. "[T]he first-step burden in a Batson challenge is not intended to be onerous" and is met when " the totality of the relevant facts gives rise to an inference of discriminatory purpose' " (Hecker, 15 NY3d at 651, quoting Batson, 476 US at 94). Here, at the time that defense counsel requested that prospective juror number 10 be questioned at the bench about his race, the prosecutor had challenged all four African-American prospective jurors who thus far had been subject to voir dire. Moreover, the prosecutor did not ask any substantive questions of prospective juror number 10 during voir dire, "and County Court's general questioning of the panel raised no issues that would distinguish [him] from the other prospective jurors," thereby raising an inference of discrimination (People v Davis, 153 AD3d 1631, 1632 [4th Dept 2017]). The burden of proof thus shifted to the People to offer a race-neutral explanation for striking the prospective juror, and the People failed to do so.
With respect to another of defendant's Batson claims, arising from the prosecutor's subsequent use of a peremptory challenge to prospective juror number 13, the court failed to follow the three-step procedure set forth in Batson. Prospective juror number 13 is a female African-American who, at the time of trial, was attending nursing school. When the prosecutor struck prospective juror number 13, defense counsel raised a Batson claim, asserting that the prospective juror had never been involved in the criminal justice system in any way and that she unequivocally stated that she could be fair and impartial. In response, the prosecutor explained that he struck prospective juror number 13 because she was in nursing school and stated on her juror questionnaire that she was going to school because she wanted to help people, which in the prosecutor's view indicated that she may be sympathetic to defendant.
Instead of determining whether the race-neutral explanation offered by the prosecutor was pretextual, the court engaged defense counsel in an extended colloquy during which the court asked how defendant, as a Caucasian, could assert a Batson claim with respect to an African-American prospective juror. Defense counsel answered, correctly, that a defendant need not be the same race as the stricken prospective juror (see Powers v Ohio, 499 US 400, 402 [1991]). The court then noted that defense counsel himself previously struck an African-American prospective juror, which is not a proper basis for denying a Batson claim, and the prosecutor added that there were already two African-Americans seated on the jury. Of course, the fact that African-Americans were seated on the jury does not mean that a party is free to discriminate against other African-American prospective jurors (see People v Jenkins, 75 NY2d 550, 557 [*3][1990]). Although defense counsel contested the reason offered by the prosecutor for striking prospective juror number 13, the court stated that it did not see "it as a Batson issue for all the reasons we talked about." As in People v Morgan (75 AD3d 1050, 1053 [4th Dept 2010], lv denied 15 NY3d 894 [2010]), where we granted a new trial on Batson grounds, "the court failed to make any determination on the record with respect to the issue of pretext."
The People nevertheless contend that, because the court ultimately denied defendant's Batson claim, we may conclude that it implicitly determined that the race-neutral reason offered by the prosecutor for striking prospective juror number 13 was not pretextual. Although there are cases in which we have held that the trial court, by ultimately denying a Batson claim, implicitly determined that the race-neutral explanation offered by the People was not pretextual (see e.g. People v Jiles, 158 AD3d 75, 78 [4th Dept 2017]; People v Ramos, 124 AD3d 1286, 1287 [4th Dept 2015], lv denied 25 NY3d 1076 [2015], reconsideration denied 26 NY3d 933 [2015]), the court here stated that it was denying the Batson claim with respect to prospective juror number 13 for "all the reasons we talked about," none of which is a proper basis for the ruling. We therefore cannot assume that the court implicitly determined the issue of pretext in the People's favor, particularly in view of the fact that the court did not make a ruling on that issue on any of the five Batson claims for which the prosecutor offered a race-neutral explanation for striking African-American prospective jurors.
We therefore conclude that, based on the court's wholesale failure to comply with the Batson protocol with respect to multiple African-American prospective jurors who were the subject of peremptory challenges by the People, defendant is entitled to a new trial (see Morgan, 75 AD3d at 1053). We have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court