People v Herrod (2019 NY Slip Op 05450)





People v Herrod


2019 NY Slip Op 05450


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


312 KA 16-01481

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTONE HERROD, ALSO KNOWN AS TONE, DEFENDANT-APPELLANT. 






THE KINDLON LAW FIRM, PLLC, ALBANY (LEE C. KINDLON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (David W. Foley, A.J.), rendered June 27, 2016. The appeal was held by this Court by order entered July 6, 2018, decision was reserved and the matter was remitted to Erie County Court for further proceedings (163 AD3d 1462). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We previously held the case, reserved decision, and remitted the matter to County Court to allow the People, in response to defendant's Batson application, to articulate a nondiscriminatory reason for striking an African-American juror and for the court to determine whether the proffered reason was pretextual (People v Herrod, 163 AD3d 1462 [4th Dept 2018]). Upon remittal, the court determined that the People offered a non-pretextual, race-neutral reason for excluding the prospective juror at issue. We now affirm.
We conclude that the People met their burden at step two of the Batson analysis to articulate a "race-neutral reason" for striking the prospective juror (People v Hecker, 15 NY3d 625, 655 [2010], cert denied 563 US 947 [2011]; see Batson v Kentucky, 476 US 79, 98 [1986]). At the remittal hearing, the prosecutor testified that he struck the prospective juror because he was a crime victim who expressed some dissatisfaction with the manner in which the crime against him had been prosecuted and because he made statements suggesting that he might be receptive to defendant's potential justification defense. We conclude that this was sufficient to satisfy the People's "quite minimal" burden of providing a race-neutral reason for striking the juror (People v Payne, 88 NY2d 172, 183 [1996]; see People v Grant, 128 AD3d 1088, 1090 [2d Dept 2015]; People v Ramos, 124 AD3d 1286, 1287 [4th Dept 2015], lv denied 25 NY3d 1076 [2015], reconsideration denied 26 NY3d 933 [2015]).
We further conclude that the court did not abuse its discretion in determining that the prosecutor's explanation for the peremptory challenge was not pretextual (see People v Farrare, 118 AD3d 1477, 1477-1478 [4th Dept 2014], lv denied 23 NY3d 1061 [2014]). It is immaterial that the prospective juror stated that he would not hold against the People any dissatisfaction he had with the manner in which the crime against him was handled. "[A]ssurances from a challenged prospective juror that he or she could assess the evidence in a fair manner even though he or she was a crime victim are irrelevant to the determination of whether the basis of a peremptory challenge is pretextual" (Grant, 128 AD3d at 1090). Moreover, the court did not err in crediting the prosecutor's proffered explanation given his testimony that he did not use a peremptory challenge against an African-American juror who, despite being a crime victim, was satisfied with the resolution of her case and that he did use peremptory challenges to strike [*2]several Caucasian prospective jurors for reasons similar to those offered in support of his decision to strike the prospective juror at issue here (see Ramos, 124 AD3d at 1287). The court was in the best position to evaluate the demeanor of the prospective juror, the prosecutor, and defense counsel, and we conclude that its determination that the prosecutor's proffered reasons for striking the prospective juror were not pretextual is entitled to great deference (see People v Hernandez, 75 NY2d 350, 356 [1990], affd 500 US 352 [1991]; People v Dandridge, 26 AD3d 779, 780 [4th Dept 2006]).
We have considered defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court