People v Singleton (2021 NY Slip Op 01638)





People v Singleton


2021 NY Slip Op 01638


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


911 KA 16-02356

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRENCE J. SINGLETON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 26, 2016. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree (three counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and three counts of criminally using drug paraphernalia in the second degree (§ 220.50 [1], [2], [3]). Because he made only a general motion for a trial order of dismissal, defendant "failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction" (People v Arroyo, 111 AD3d 1299, 1299 [4th Dept 2013], lv denied 23 NY3d 960 [2014]; see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, defendant further contends that the verdict is against the weight of the evidence, and " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of [that contention]' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]; see People v Danielson, 9 NY3d 342, 348-349 [2007]).
Viewing the evidence in light of the elements of the crimes as charged to the jury, we conclude that "the People proved beyond a reasonable doubt all elements of the crimes charged" (Stepney, 93 AD3d at 1298; see Danielson, 9 NY3d at 349; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The evidence presented by the People established, inter alia, that defendant was the sole lessee of the apartment where the cocaine and drug paraphernalia were found and that defendant was observed by police officers leaving the premises just minutes before the search warrant was executed. Moreover, defendant's fingerprints were found on items from the apartment—a beaker and a plate—that contained cocaine (see generally People v Delamota, 18 NY3d 107, 113 [2011]).
Defendant further contends that Supreme Court erred in failing to conduct the three-step process required under Batson v Kentucky (476 US 79 [1986]) following his objection to the People's peremptory challenge of an African-American prospective juror. We agree. After defendant made a prima facie showing of discrimination in step one, the prosecutor offered a race-neutral explanation for the peremptory challenge (see generally People v Smocum, 99 NY2d 418, 422 [2003]), namely, that the prospective juror had a sister who was incarcerated for assaulting someone with a gun and that the prospective juror said that the criminal justice system could have treated her sister better. When defense counsel attempted to respond, the court interrupted him and stated, "I ruled. There is no Batson issue." Defense counsel timely objected to the court's ruling. In our view, defense counsel should have been "given the opportunity to [*2]argue that the prosecutor's explanation[ was] a pretext for discrimination" (People v Watson, 141 AD3d 23, 30 [1st Dept 2016]; see generally People v Jenkins, 75 NY2d 550, 560 [1990]).
The Court of Appeals has consistently held that courts cannot merge Batson's second step, the proffer of a race-neutral reason, with its third step, the determination whether the proffered reason is pretextual (see Smocum, 99 NY2d at 422; People v Payne, 88 NY2d 172, 186 [1996]). Indeed, the Court has implored trial courts "to avoid undue haste and compression in th[e] crucial process" of the three-step Batson inquiry (Smocum, 99 NY2d at 423) and to avoid any "merger of the step two and three requirements" (Payne, 88 NY2d at 186). "The legal burdens of production and persuasion must be correctly allocated and maintained, and a meaningful record must reflect that these prerequisites have been satisfied . . . [T]he trial courts bear the judicial responsibility of ensuring that an adequate record is made and of reflecting the basis for their rulings" (id. at 184; see People v Sprague, 273 AD2d 861, 862 [4th Dept 2000]).
Here, when it interrupted defense counsel, "the court improperly rushed and compressed the Batson inquiry," precluding defendant from meeting "his burden of establishing an equal protection violation" (Smocum, 99 NY2d at 422). To be distinguished are situations in which defense counsel does not make "any attempt to respond or protest[ ]" (People v Acevedo, 141 AD3d 843, 847 [3d Dept 2016]; see People v Brown, 17 AD3d 283, 284 [1st Dept 2005], lv denied 5 NY3d 804 [2005]) or in which the court implicitly rejects the pretext argument by letting the challenge stand after hearing a defense counsel's arguments concerning pretext (see People v Hardy, 61 AD3d 616, 616 [1st Dept 2009], lv denied 13 NY3d 744 [2009]).
We note that People v Ramos (124 AD3d 1286, 1287 [4th Dept 2015], lv denied 25 NY3d 1076 [2015], reconsideration denied 26 NY3d 933 [2015]) does not compel a different result. In Ramos, we stated that "[a]lthough the court initially denied the Batson challenge before defense counsel had an opportunity to argue that the prosecutor's stated reasons were pretextual, defense counsel nevertheless placed on the record why he believed the reasons were pretextual, whereupon the court again denied the motion. In any event, the court, by initially rejecting the challenge prematurely, can be said to have implicitly determined that the prosecutor's proffered race-neutral reasons were not pretextual" (id.). The case at hand is factually distinguishable in that the court here interrupted defense counsel when he attempted to speak after the prosecutor offered a race-neutral reason, reiterating its denial of the Batson challenge. Defense counsel was thus deprived of an opportunity to argue that the reason given was pretextual. There was no such interruption or deprivation in Ramos.
Because the court erred in failing to afford defense counsel an opportunity to respond to the prosecutor and attempt to meet his ultimate burden of demonstrating that the reason offered for striking the prospective juror was a pretext for discrimination, we hold the case and remit the matter to Supreme Court "for further proceedings as are necessary to satisfy the requirements of Batson" (Watson, 141 AD3d at 30; see also People v Herrod, 163 AD3d 1462, 1463 [4th Dept 2018]; People v Davis, 153 AD3d 1631, 1632 [4th Dept 2017]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court