People v Distefano (2021 NY Slip Op 07437)





People v Distefano


2021 NY Slip Op 07437


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1060 KA 18-01097

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANCIS L. DISTEFANO, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Ontario County (Craig J. Doran, J.), rendered January 3, 2018. The judgment convicted defendant upon a jury verdict of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that the evidence of intent to cause physical injury is legally insufficient. Defendant failed to preserve that contention for our review because his motion for a trial order of dismissal was not " 'specifically directed' " at the alleged error (People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, we necessarily review the evidence adduced as to each of the elements of the crime in the context of our review of defendant's further contention that the verdict is against the weight of the evidence (see People v Singleton, 192 AD3d 1536, 1536-1537 [4th Dept 2021]) and, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court