People v Singleton (2022 NY Slip Op 01910)





People v Singleton


2022 NY Slip Op 01910


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, WINSLOW, AND BANNISTER, JJ.


151 KA 16-02356

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRENCE J. SINGLETON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered September 26, 2016. The appeal was held by this Court by order entered March 19, 2021, decision was reserved, and the matter was remitted to Supreme Court, Monroe County, for further proceedings (192 AD3d 1536 [4th Dept 2021]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and three counts of criminally using drug paraphernalia in the second degree (§ 220.50 [1], [2], [3]). We previously held this case, reserved decision, and remitted the matter to Supreme Court "for further proceedings as [were] necessary to satisfy the requirements of Batson" (People v Singleton, 192 AD3d 1536, 1538 [4th Dept 2021] [internal quotation marks omitted]). Upon remittal, the court heard arguments from defense counsel as to why the People's proffered race-neutral reason for striking the prospective juror at issue was pretextual, after which it determined that there had been no Batson violation. We affirm.
Contrary to defendant's contention in his supplemental brief, the court did not err in denying his Batson challenge. "At step one [of a Batson challenge], the movant must make a prima facie showing that the peremptory strike was used to discriminate; at step two, if that showing is made, the burden shifts to the opposing party to articulate a non-discriminatory reason for striking the juror; and finally, at step three, the trial court must determine, based on the arguments presented by the parties, whether the proffered reason for the peremptory strike was pretextual and whether the movant has shown purposeful discrimination" (People v Bridgeforth, 28 NY3d 567, 571 [2016]; see People v Pescara, 162 AD3d 1772, 1772-1773 [4th Dept 2018]). "Step three of the Batson inquiry involves an evaluation of the prosecutor's credibility" (Snyder v Louisiana, 552 US 472, 477 [2008]), and a "trial court's determination whether a proffered race-neutral reason is pretextual is accorded great deference on appeal" (People v Linder, 170 AD3d 1555, 1558 [4th Dept 2019], lv denied 33 NY3d 1071 [2019] [internal quotation marks omitted]; see People v Hecker, 15 NY3d 625, 656 [2010], cert denied 563 US 947 [2011]; People v Larkins, 128 AD3d 1436, 1441-1442 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]). On this record, we see no reason to disturb the court's determination that the prosecutor's proffered race-neutral reason for challenging the prospective juror at issue was not pretextual.
We further conclude that defendant received effective assistance of counsel. Simple disagreement with strategies or tactics does not satisfy a defendant's burden of establishing ineffective assistance of counsel (see People v Flores, 84 NY2d 184, 187 [1994]). As long as a defense is based on a "reasonable and legitimate strategy under the circumstances and evidence [*2]presented, even if unsuccessful, it will not fall to the level of ineffective assistance" (People v Benevento, 91 NY2d 708, 713 [1998]; see People v Lane, 60 NY2d 748, 750 [1983]). The evidence, the law, and the circumstances of a particular case should be "viewed in totality and as of the time of the representation," and if they reveal "that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 147 [1981]). What constitutes effective assistance of counsel varies according to the unique circumstances of each case (see id. at 146). Here, defendant received meaningful representation. Defendant was acquitted of the only violent felony offense charged in the indictment. Moreover, defense counsel made appropriate pretrial motions, obtained and conducted a suppression hearing, presented opening and closing arguments, raised appropriate objections throughout the trial, effectively cross-examined the prosecution witnesses, and presented a cogent defense in which defendant and others testified (see generally People v Goncalves, 283 AD2d 1005, 1005 [4th Dept 2001], lv denied 96 NY2d 918 [2001]).
The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court