■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE MINTON, Appellant. [859 NYS2d 69]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered November 17, 2005, convicting defendant, after a jury trial, of robbery in the second and third degrees, three counts of grand larceny in the fourth degree and two counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

Viewing the evidence in light of the court's charge, we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence establishes that defendant took the victim's truck by force, and defendant's

arguments to the contrary are without merit. The fact that defendant was acquitted of robbery in the first degree does not warrant a different conclusion (*see People v Rayam,* 94 NY2d 557 [2000]; *People v Mulosmanaj,* 14 AD3d 389 [2005], *lv denied* 4 NY3d 855 [2005]).

The court properly granted the People's reverse-*Batson* application (*see Batson v Kentucky,* 476 US 79 [1986]; *People v Kern,* 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's finding that the race-neutral reasons provided by defense counsel for the peremptory challenge at issue were pretextual. These findings, based primarily on the court's assessment of counsel's credibility, are entitled to great deference (*see Snyder v Louisiana,* 552 US —, —, 128 S Ct 1203, 1208 [2008]; *People v Hernandez,* 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]). Counsel's theory that the panelist's *husband's* place of employment was an indication that he possessed a personality type unfavorable to the defense was far-fetched to begin with, and his assertion that this personality trait should be attributed to the panelist herself was even less plausible. Furthermore, counsel's disparate treatment of similarly situated panelists provided additional support for the court's finding of pretext.

The court properly precluded defendant from introducing the exculpatory statement he made to the police. Defendant asserts that this statement was an excited utterance precipitated by his arrest. We need not decide whether an arrest could ever be the type of startling event contemplated by the excited utterance exception to the hearsay rule. Here, defendant did not establish that his arrest was such an event, or, even if it was, that he made his self-serving declaration while under the influence of the stress caused by the event (*see People v Sostre,* 70 AD2d 40, 45-46 [1979], *affd* 51 NY2d 958 [1980]).

Defendant did not preserve his argument that he was constitutionally entitled to introduce his exculpatory statement, his challenges to evidence elicited by the People, or his argument concerning the court's handling of an incident that occurred during jury deliberations, and we decline to review these claims in the interest of justice. As an alternative holding, we also reject each of these claims on the merits.

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]). Even if trial counsel should have raised the issues suggested by defendant on appeal, we would find that his failure to

do so did not deprive defendant of a fair trial or cause him any prejudice (*see People v Caban*, 5 NY3d 143, 155-156 [2005]; *People v Stultz*, 2 NY3d 277, 287 [2004]; *compare People v Turner*, 5 NY3d 476 [2005]). Concur—Andrias, J.P., Gonzalez, Moskowitz and DeGrasse, JJ.