■ The People of the State of New York, Respondent, v Jason Torres, Appellant. The People of the State of New York, Respondent, v Luis Vives, Appellant. [878 NYS2d 673]—

Judgments, Supreme Court, New York County (Maxwell

Wiley, J.), rendered December 21, 2006, convicting defendants, after a joint jury trial, of criminal possession of a controlled substance in the second degree, robbery in the first and second degrees and burglary in the first degree, and sentencing defendant Torres, as a second felony offender, to an aggregate term of 12 years, and sentencing defendant Vives, as a second violent felony offender, to an aggregate term of 17 years, unanimously affirmed.

Since defendants did not exhaust their peremptory challenges, their claim that the court should have granted certain challenges for cause is foreclosed (CPL 270.20 [2]; *People v Lynch*, 95 NY2d 243, 248 [2000]). There is no reason to depart from the express terms of the statute, and we reject defendants' argument to the contrary.

Defendants' absence from an off-the-record discussion and initial colloquy concerning the People's request to introduce evidence that Vives threatened a witness did not deprive defendants of their constitutional and statutory rights to be present at all material stages of a trial (*see People v Velasco*, 77 NY2d 469, 473 [1991]). The discussion and colloquy were merely preliminary to a subsequent proceeding in open court in defendants' presence, at which they had a full opportunity to provide meaningful input. Any violation of defendants' right to be present at those preliminary proceedings was de minimis, and the suggestion that defendants could have altered the outcome if present is entirely speculative (*see People v Roman*, 88 NY2d 18, 26-27 [1996]).

We reject Vives's argument that his threat to kill a witness should not have been admitted; that evidence was highly probative of his consciousness of guilt (*see e.g. People v Rosario*, 309 AD2d 537, 538 [2003], *lv denied* 1 NY3d 579 [2003]). Vives expressly waived any limiting instruction regarding this evidence (*see People v Miller*, 232 AD2d 247 [1996], *lv denied* 89 NY2d 1038 [1997]), and his argument to the contrary is without merit. In any event, the absence of a limiting instruction was harmless.

Torres's argument that he was entitled to introduce an unavailable witness's statement as a remedy for the prosecutor's alleged untimely disclosure of *Brady* material (*Brady v Maryland*, 373 US 83 [1963]) is unavailing. Initially, we conclude that the witness's statement tended to corroborate the prosecution's case rather than providing exculpatory evidence. Furthermore, there is no reason to believe that earlier disclosure of the information would have resulted in the witness being available to testify (*see e.g. People v Buie*, 289 AD2d 140 [2001], *lv denied*

98 NY2d 695 [2002]). The court properly exercised its discretion in declining to admit the witness's hearsay statement, and Torres has not established that he was constitutionally entitled to introduce it.

We reject Torres's claim that the verdict was against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility.

We perceive no basis for reducing either defendant's sentence. Concur—Saxe, J.P., Friedman, Sweeny, Acosta and Freedman, JJ.