■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVILLE POWELL, Appellant. [939 NYS2d 51]—

The trial court erred when it granted the People's reverse-*Batson* application (*see Batson v Kentucky*, 476 US 79 [1986];

*People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]), and seated three jurors despite defendant's peremptory challenges. Even after according great deference to the court's determination, we find that the record fails in all respects to support the court's finding that the nondiscriminatory reasons provided by defense counsel for the challenges in question were pretextual.

Defense counsel provided ethnicity-neutral explanations for challenging the three jurors at issue. Counsel explained that she usually "kick[ed] off people with technical type jobs or finance. I find they are not favorable to the defense because they have more income and I believe typically they are not favorable." Two of the jurors were investment bankers, and one had a "technical-type" job as an interface developer. Counsel also explained that the juror with a technical job had prior jury service, which counsel viewed as a negative factor for the defense.

The court erroneously found these explanations to be pretextual. Notably, the court remarked that it "did not hear . . . anything about [the challenged jurors] in particular that would render them unfair or fit." However, counsel was not required to provide an explanation that would have sustained a challenge for cause (*see People v Allen*, 86 NY2d 101, 109 [1995]). The court's determination that persons in the finance industry were a "class" of people entitled to protection was erroneous. A particular profession, as opposed to race or gender, is not a class entitled to constitutional protection against discrimination.

Furthermore, there was no evidence of disparate treatment by defense counsel of similarly situated panelists. We note that the court based its finding of pretext, in part, on the fact that defense counsel did not challenge a juror whose wife was in finance. However, the characteristics of a spouse should not be attributed to a prospective juror (*see People v Minton*, 52 AD3d 234, 235 [2008], *lv denied* 11 NY3d 791 [2008]).

In addition, counsel explained that she challenged the interface developer on the basis of her prior jury service as well as her technical job. Nevertheless, neither the prosecutor nor the court addressed this explanation.

We find it unnecessary to reach defendant's remaining claims of error, except that we find that the motion court properly denied defendant's suppression motion without granting a hearing. The People provided detailed information about the factual predicate for defendant's arrest, and defendant's simple assertion of innocent behavior at the time of his arrest failed to dispute the People's allegations (*see People v France*, 12 NY3d

612

790 [2009]). Concur—Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.