*1047 In Batson v Kentucky (476 US 79, 94-98 [1986]), the United States Supreme Court formulated a three-step test to assess whether peremptory challenges have been used to exclude potential jurors on the basis of race, gender, or other protected categories (see People v Smocum, 99 NY2d 418, 421 [2003]). In step one, the moving party must make a prima facie case of purposeful discrimination by “showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more jurors for an impermissible reason” (id. at 421). If the moving party makes a prima facie showing, the inquiry proceeds to step two, and the burden shifts to the adversary to provide a facially neutral explanation for the challenge. If the nonmoving party “offers facially neutral reasons supporting the challenge, the inference of discrimination is overcome” (People v Allen, 86 NY2d 101, 109 [1995]). Once facially neutral reasons are provided, the inquiry proceeds to step three, and the burden shifts back to the moving party to prove purposeful discrimination, and “ ‘the trial court must determine whether the proffered reasons are pretextual’ ” (People v Hecker, 15 NY3d 625, 634-635 [2010], cert denied sub nom. Black v New York, 563 US —, 131 S Ct 2117 [2011], quoting People v Allen, 86 NY2d at 104), including whether the reasons apply to the facts of the case, and whether the reasons were applied to only a particular class of jurors and not to others (see People v Richie, 217 AD2d 84, 89 [1995]).
In this case, the inquiry proceeded to step three. After the Supreme Court found that defense counsel was using his peremptory challenges to challenge male jurors, defense counsel challenged a male juror on the ground that the juror was a chiropractor and had stated, during voir dire, that he only “believe[d]” he could be fair. When asked whether he could be fair, that juror responded, “I know what my conscious can do. But I don’t know what the subconscious [sic],” and was admonished by the court for being “technical.” The court seated the juror over defense counsel’s objection, explaining that the juror initially said that he did not believe he could be fair, but later explained that he was nervous and reaffirmed his position that he could, in fact, be fair. The court did not examine the other reason for the challenge: that the juror was a chiropractor.
The juror’s answer to the question of whether he could be fair, which prompted an admonition from the Supreme Court not to be “technical,” was, on its face, a nonpretextual reason to exercise a peremptory challenge. Further, the defendant contends that the fact the juror was a chiropractor was a legiti *1048 mate gender-neutral reason for striking the juror. The People contend that this reason was pretextual, because defense counsel did not challenge similarly situated female jurors. However, medical background was related to the facts of the case, since proof of the defendant’s guilt involved DNA evidence, and defense counsel struck female jurors with similar backgrounds.
In view of the foregoing, the record does not support the Supreme Court’s conclusion that defense counsel engaged in purposeful discrimination against men when he exercised a peremptory challenge against the juror seated over his objection. This error mandates reversal (see People v Hecker, 15 NY3d at 662; People v Powell, 92 AD3d 610 [2012]).
Since there must be a new trial, we note that the defendant’s recorded telephone conversations, in which he expressed a desire to kill the witnesses against him, were admissible as evidence of consciousness of guilt (see People v Torres, 61 AD3d 489 [2009]). However, certain comments in the prosecutor’s summation, which, over objection, vouched for the strength of the People’s case, repeated over and over again that the defendant wanted the witnesses to die, and speculated as to the significance of certain comments made during those telephone calls, including the identity of the getaway driver, were improper.
The defendant’s remaining contentions need not be addressed in light of our determination. Eng, P.J., Angiolillo, Sgroi and Hinds-Radix, JJ., concur.