■ The People of the State of New York, Respondent, v Ronald Hechavarria, Appellant. [29 NYS3d 355]—

Judgment, Supreme Court, Bronx County (Joseph Teresi, J.), rendered May 6, 2013, convicting defendant, after a jury trial, of robbery in the first and second degrees and criminal possession of stolen property in the fifth degree, and sentencing him to an aggregate term of 15 years, unanimously reversed, on the law, and the matter remanded for a new trial.

The court erred in granting the prosecution's reverse-*Batson* challenge to defense counsel's exercise of two peremptory challenges. "[A]lthough appellate courts accord great deference to trial judges' step three determinations, we conclude that Supreme Court's step three reverse *Batson* ruling was erroneous and that there is no record support for Supreme Court's rejection of defense counsel's [gender]-neutral reasons for striking [two panelists]. The People simply failed to meet their burden that [gender] discrimination was the motivating factor" (*People v Hecker*, 15 NY3d 625, 661 [2010]).

While the prosecution established a prima facie case of gender-based discrimination in the exercise of peremptory challenges, defense counsel then presented facially gender-neutral reasons for each of the strikes of male prospective jurors at issue. The record fails to support the court's finding that the gender-neutral reasons given for two of these strikes were pretextual. As to one juror, there was no specific basis offered by the prosecutor, found by the court, or discernable from the record upon which to find that the employment-based reason given by counsel was pretextual. As to the other juror, although the court stated that it did not notice the "smirking" demeanor that was part of counsel's offered reason for the strike, the record of the prosecutor's colloquy with the juror tended to corroborate defense counsel's assertion that the juror's assurance of his ability to be fair was hesitant or insincere.

In view of this disposition, we find it unnecessary to reach any other issues, except that we find that the verdict was not against the weight of the evidence. Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Webber, JJ.