People v Bloise (2019 NY Slip Op 01363)





People v Bloise


2019 NY Slip Op 01363


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8517 5541/11

[*1]The People of the State of New York, Respondent,
v
Alex Bloise, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered July 22, 2015, convicting defendant, after a jury trial, of murder in the second degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 20 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.
The court erred in granting the prosecution's reverse-Batson challenge to defense counsel's exercise of two peremptory challenges. "[A]lthough appellate courts accord great deference to trial judges' step three determinations, . . . there is no record support for Supreme Court's rejection of defense counsel's race-neutral reasons for striking [two panelists]. The People simply failed to meet their burden that racial discrimination was the motivating factor" (People v Hecker, 15 NY3d 625, 661 [2010]; see also People v Hechavarria, 138 AD3d 543 [1st Dept 2016], appeal withdrawn 27 NY3d 1133 [2016]). Defense counsel presented facially race-neutral reasons for challenging the panelists at issue based on their having been crime victims or relatives of crime victims (see People v Dixon, 202 AD2d 12, 18 [2d Dept 1994]), and there was no evidence of disparate treatment by defense counsel of similarly situated panelists (see People v Powell, 92 AD3d 610 [1st Dept 2012]). The record otherwise fails to support the court's finding that the race-neutral reasons given for these challenges were pretextual.
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. Because we are ordering a new trial, we find it unnecessary to reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK