People v Marcus (2019 NY Slip Op 02901)





People v Marcus


2019 NY Slip Op 02901


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2015-08298
 (Ind. No. 2154/09)

[*1]The People of the State of New York, respondent,
v
Michael Marcus, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Tina Grillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered August 11, 2015, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of robbery in the second degree arising from an incident that occurred at the complainants' residence in the early morning hours of June 8, 2009. At trial, the complainants testified that on June 8, 2009, at approximately 3:00 a.m., they returned home and, upon approaching their front door, noticed that a garbage can outside the house was out of place. The defendant then appeared in the doorway of the house carrying pillowcases filled with certain items.
As the defendant began walking away from the house, one of the complainants grabbed the defendant by his sweatshirt. That complainant testified that as he was grabbing the defendant's sweatshirt, the "momentum" pulled the complainant approximately 20 feet toward the sidewalk. On cross-examination, the complainant repeated that after he grabbed the defendant's sweatshirt, the defendant continued to walk toward the sidewalk. The defendant then dropped the items he was carrying and faced the complainant, and the two men started fighting. The other complainant took the items back into the house. In an effort to flee, the defendant slid out of his sweatshirt, which was subsequently retrieved by the complainants. The complainant who fought the defendant suffered a dislocated shoulder during the altercation.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant used force to overcome resistance to the taking of property (see People v Cruzado, 136 AD3d 572, 572; People v Authers, 134 AD3d 526; People v Lewis, 116 AD3d 791, 792; People v Gonzalez, 60 AD3d 447, 447-448). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People [*2]v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Although "[f]orce used solely to effectuate a defendant's escape will not support a robbery conviction" (People v Gordon, 23 NY3d 643, 650), "[w]hether a defendant had the intent to forcibly steal property is a question for the trier of fact, a question which may be answered based on direct evidence of such intent, or upon reasonable inferences drawn from the trial evidence" (id. at 651). The evidence established that when one of the complainants initially grabbed the defendant, the defendant forced his way away from the house to the sidewalk approximately 20 feet away while retaining possession of the property.
The defendant's recorded telephone conversations from prison were admissible evidence of consciousness of guilt (see People v Chrisostome, 167 AD3d 644; People v Marcus, 101 AD3d 1046, 1048).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court