People v McKenny (2019 NY Slip Op 08526)





People v McKenny


2019 NY Slip Op 08526


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


10436 3971/16

[*1]The People of the State of New York, Respondent,
v
Norman McKenny, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 28, 2017, convicting defendant, after a jury trial, of robbery in the second and third degrees, and sentencing him to an aggregate term of 10 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established defendant's accessorial liability, as well as the "actually present" requirement of second-degree robbery under Penal Law § 160.10(1]). Defendant picked up his two accomplices in a car, got out of the car with them when they found their victim, accompanied them as they followed the victim, and remained on the street until the robbery was in progress, thus staying close in case his accomplices needed help, after which he ran back to the car to pick up the accomplices and drop them off elsewhere, allowing them to avoid apprehension (see People v Dennis, 146 AD2d 708 [2d Dept 1989], affd 75 NY2d 821 [1990]; see also People v Stokes, 278 AD2d 18, 18-19 [1st Dept 2000], lv denied 96 NY2d 763 [2001]). Although defendant offers various innocent explanations for this evidence, we find them unavailing.
A proceeding conducted in the presence of counsel, but not defendant, was a preliminary colloquy with a witness to determine whether she would refuse to testify at trial, and thus whether a Sirois hearing to determine the admissibility of her prior statements (Matter of Holtzman v Hellenbrand, 92 AD2d 405 [1983]) was needed. Defendant was present for the entire Sirois hearing that followed, during which the witness repeated her testimony from the preliminary proceeding, including the threats she received, her safety concerns, and her refusal to testify. Thus, the court essentially held "a de novo hearing on the same matter at which defendant [wa]s present," thereby according him the opportunity to give meaningful input on that matter (People v Roman, 88 NY2d 18, 27 [1996]; see also People v Torres, 61 AD3d 489, 490 [1st Dept 2009], lv denied 12 NY3d 921 [2009]). Defendant has not identified any meaningful difference, bearing on his right to be present, between the witness's testimony taken in defendant's absence and her later testimony in his presence.
Following the Sirois hearing, the court properly determined that admission of the witness's out-of-court statements would not violate defendant's right of confrontation because there was clear and convincing evidence that the witness was "unwilling to testify due to the defendant's own conduct, or . . . the actions of others with the defendant's knowing acquiescence" (People v Dubarry, 25 NY3d 161, 174 [2015] [internal quotation marks omitted]; see also People v Geraci, 85 NY2d 359, 366-67 [1995]). Contrary to defendant's assertion, the witness was unavailable, in that she unequivocally declared her refusal to testify, rather than a mere disinclination to do so. On recorded calls defendant placed from Rikers Island, his family members referred to the witness by name, and defendant told his mother and sister to make sure she "don't show" before the grand jury by the deadline to release him pursuant to CPL 180.80. Thus, it is a reasonable inference that he knew and endorsed his mother's later threatening [*2]conduct. The witness also testified that many of the threats referred to defendant by name, and that defendant and his mother had her contact information, which, along with his stated desire that she be persuaded not to testify, suggests that defendant caused at least some of the other threats she received. Moreover, while incarcerated, defendant himself posted on Instagram a video with several inmates in which he stated that he wanted to kill "rats." Ultimately, at a calendar appearance where the prosecutor declared her readiness for trial, defendant announced to the prosecutor that "[t]he witness ain't coming," which also supports the inference that defendant, or others with his consent, procured the witness's unavailability.
Defendant's claim of newly discovered evidence is procedurally defective and unreviewable on this appeal. Defendant moved to set aside the verdict under CPL 330.30(1), which deals with trial errors of law, rather than 330.30(3), which deals with new evidence. Defendant did not merely cite the wrong subdivision, he proceeded pursuant to that subdivision. He submitted an affidavit from the witness who had been the subject of the Sirois hearing, in which she now recanted her incriminating grand jury testimony and videotaped statement in the context of a claim of trial error. However, under CPL 330.30(1) such a claim is limited to the trial record (People v Giles, 24 NY3d 1066, 1068 [2014], cert denied __US__, 136 S Ct 32 [2015]). Defendant never claimed that the affidavit was newly discovered or that it would have probably changed the result, requirements set forth in CPL 330.30(3). Accordingly, there was no factual claim before the trial court upon which it could have held a hearing.
In any case, regardless of whether defendant could be deemed to have made a newly discovered evidence motion, it fails on the merits. Defendant submitted no evidence that the recantation was unavailable prior to trial and could not, by due diligence, have been produced at trial (see generally People v Salemi, 309 NY 208, 215-16 [1955], cert denied 350 US 950 [1956]). Moreover, in light of recorded phone calls defendant placed from Rikers Island in which he offered to pay that same witness to write or sign an exculpatory affidavit, and in light of her detailed testimony at the Sirois hearing of threats and bribe offers, including from defendant's mother, the affidavit was plainly the product of defendant's efforts to influence the witness and of her ongoing fears for her and her family's safety. Accordingly, there is no reason to believe that the recantation "will probably change the result if a new trial is granted" (id. at 216).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK