■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER D'ARTON, Appellant. [734 NYS2d 309] —Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Sise, J.), rendered November 25, 1996, upon a verdict convicting defendant of the crimes of murder in the first degree (two counts), robbery in the first degree (two counts) and tampering with evidence (two counts).

On the evening of May 18, 1995, defendant robbed and killed his employer, Paul Coppola, at Coppola's automotive shop in the Town of Rotterdam, Schenectady County. The trial evidence showed that it had been Coppola's intention to pick up his friend James Gardner that evening so that they could travel together to Manheim, Pennsylvania, for the purpose of attending the following day's auto auction there. The People offered evidence of three telephone conversations Coppola had with Gardner between 6:00 P.M. and 7:00 P.M. on May 18, 1995, during the course of which Coppola indicated that he was waiting at his shop to receive payment on a loan that he had made to unidentified individuals and, in fact, that he had received word that they were on Interstate Route 890, in close proximity to the shop. The People also offered testimony by Gardner and Coppola's wife concerning Coppola's habit of carrying large amounts of cash on his person, particularly when on a business trip. On this appeal from the judgment entered on a jury verdict convicting defendant of intentional murder, felony murder, two counts of robbery in the first degree and two counts of tampering with evidence, defendant challenges only County Court's receipt of the foregoing evidence.

Initially, we reject the contention that County Court erred in receiving evidence concerning Coppola's habit of carrying cash on his person. "It has long been the rule that evidence of habit is generally admissible to demonstrate specific conduct on a particular occasion * * *" (*People v Boomer*, 230 AD2d 941, 942, *lv denied* 89 NY2d 919 [citation omitted]; *see, Halloran v Virginia Chems.*, 41 NY2d 386, 392; *People v Gardella*, 56 AD2d 609; *cf., People v Paschall*, 91 AD2d 645, 646; *see also*, Prince, Richardson on Evidence § 4-601, at 197-198 [Farrell 11th ed]). In this case, Coppola's wife testified that Coppola carried between $500 and $1,000 in cash at all times and detailed the manner in which he would carry bills of various denominations in his right and left pants pockets. Gardner testified that Coppola had a habit of ordinarily carrying $400 to $500 in spending money and carrying $500 to $1,500 on business trips. In our view, that testimony evidenced a deliberate and repetitive practice sufficient to allow the inference of its persistence and County Court acted within its discretion in receiving it (*see, Halloran v Virginia Chems., supra*, at 392).

The question of whether County Court erred in receiving evidence of the three telephone conversations between Gardner and Coppola is more problematic. Under the "state of mind" hearsay exception, "when a particular act of [a] declarant is at issue, the declarant's statement of a future intent to perform

that act is admissible as proof of the declarant's intent on that issue and as inferential proof that the declarant carried out his intent" (statement of a declarant's solitary future action) (*People v Chambers*, 125 AD2d 88, 91, *appeal dismissed* 70 NY2d 694; *see, Mutual Life Ins. Co. v Hillmon*, 145 US 285, 295-296; *People v Toland*, 284 AD2d 798, 805, *lv denied* 96 NY2d 942). Secondly, as a further extension of this species of the "state of mind" exception, courts have admitted "statements of a declarant's future intent to perform an act with another person as circumstantial proof that the act did occur and, by necessary implication, that the other person participated in the act" (statement of a declarant's intention to perform acts entailing the participation jointly or cooperatively of a nondeclarant) (*People v Chambers, supra*, at 91; *see, Mutual Life Ins. Co. v Hillmon, supra*, at 296).

Finally, the exception has, under appropriate circumstances, been applied in cases where the third-party nondeclarant is a criminal defendant and evidence of the defendant's participation in the act sought to be established tends to inculpate him or her in the charged crime or crimes (*see, People v James*, 93 NY2d 620; *People v Malizia*, 92 AD2d 154, 160, *affd* 62 NY2d 755, *cert denied* 469 US 932; *cf., People v Chambers, supra*). In *People v James* (*supra*), a case falling within this third classification, the Court of Appeals delineated the foundational safeguards necessary to ensure against the dangers of unreliability as a showing that: "(1) the declarant is unavailable * * * (2) the statement of the declarant's intent unambiguously contemplates some *future* action by the declarant, either jointly with the nondeclarant defendant or which requires the defendant's cooperation for its accomplishment * * * (3) to the extent that the declaration expressly or impliedly refers to a prior understanding or arrangement with the nondeclarant defendant, it must be inferable under the circumstances that the understanding or arrangement occurred in the recent past and that the declarant was a party to it or had competent knowledge of it * * * and (4) there is independent evidence of reliability, i.e., a showing of circumstances which all but rule out a motive to falsify * * * and evidence that the intended future acts were at least likely to have actually taken place" (*id.*, at 634-635 [citations omitted] [emphasis in original]).

Noting that the second and third of the criteria set forth in *People v James* (*supra*) presuppose that the nondeclarant third party be a criminal defendant, defendant contends that, because he was not one of the men whom Coppola was expecting or a person acting jointly with such men, those criteria

have not been satisfied. Although defendant correctly recognizes that certain of the *James* criteria have no application to the present case, he misapprehends the effect of that nonapplication. The fact is that the People have not sought to utilize the state of mind exception to establish defendant's participation or cooperation in any act described in the conversations between Coppola and Gardner. To the contrary, depending upon the perceived purpose for the testimony, the facts of this case bring it within either the first or the second of the classifications previously set forth. That is, the evidence is offered only to (1) reveal Coppola's reason for remaining at his shop beyond 6:00 P.M. on May 18, 1995 or (2) establish Coppola's reason for remaining at his shop and, in addition, that unidentified individuals arrived there at some time after 7:00 P.M. and made a cash repayment of a loan.

The more difficult question, and one that neither party has addressed, is whether the second and third criteria set forth in *People v James* (93 NY2d 620, *supra*) have any application in a case, as this one, where the state of mind hearsay exception is not utilized in an effort to establish a criminal defendant's involvement in the underlying act described in the conversations between declarant and another. We believe that these criteria have no application in such a case. In *People v James* (*supra*), the Court of Appeals expressly stated its intention to adopt the rule previously adopted in "[j]urisdiction after jurisdiction of State and Federal courts [that] have determined to follow the lead of [*Mutual Life Ins. Co. v Hillmon* (*supra*)] and [*Hunter v State of New Jersey* (40 NJL 495)] in admitting against criminal defendants (upon establishment of an appropriate foundation) the statements of a declarant's intention to perform acts entailing the participation jointly or cooperatively of the nondeclarant accused" (*People v James, supra*, at 632). We would so limit it.

Nonetheless, even under the first and second classifications, there must be independent evidence of reliability, i.e., a showing of circumstances which all but rule out a motive to falsify and evidence that the intended future acts were at least likely to have actually taken place (*People v James, supra*, at 634-635; *see, People v Chambers, supra*, at 92). We agree with defendant that there is no independent evidence of reliability. There is no evidence that the debtors ever arrived, that Coppola received cash from the debtors or even that Coppola had loaned money to anyone. Accordingly, County Court erred in receiving evidence of the three telephone conversations between Gardner and Coppola.

Because the proffered evidence was of very limited probative value, however, we conclude that the error was harmless. In our view, the trial record does not support defendant's claims that evidence of Coppola's receipt of a sum of money tended to establish a motive for defendant's crimes or to undermine his defense of justification. Notably, there is no evidence that defendant was a party to any of the conversations between Coppola and Gardner or was otherwise aware that Coppola was waiting to receive money. In addition, because Coppola was leaving directly from his shop for the business trip to Manheim, the jury was permitted to infer that he had fairly substantial sums on his person, even absent the repayment of any loan. The evidence showed that, following the murder, only 89 cents was found on Coppola's person, his overnight bag was missing, and his briefcase had been hacked open with a sharp instrument. Under the circumstances, we conclude that there existed more than adequate evidence of defendant's motive and his commission of the crimes for which he was convicted absent evidence of any repayment of a loan.

Cardona, P. J., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.