■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SMITH DESNOYER, Also Known as DESNOYER SMITH, Appellant. [853 NYS2d 58]—

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility.

The court properly denied defendant's request to submit the lesser included offense of petit larceny, since there was no reasonable view of the evidence, viewed most favorably to defendant, that he stole the victim's wallet, but that the wallet did not contain any credit cards (*see People v Negron*, 91 NY2d 788 [1998]).

The court properly denied defendant's mistrial motion (the only remedy requested), made after a detective testified that he observed defendant going into and out of bars and restaurants on the night before he was arrested for jostling, and several weeks after the events resulting in the grand larceny charges. There is nothing illegal or immoral, as such, about such activity, regardless of whether it may raise a suspicion of casing-type behavior. Therefore, this testimony did not constitute evidence of uncharged crimes or prior bad acts (*see e.g. People v Jones*, 293 AD2d 489 [2002], *lv denied* 98 NY2d 652 [2002]; *People v Mateen*, 227 AD2d 350 [1996], *lv denied* 88 NY2d 989 [1996]). Furthermore, it provided relevant background information, completing the narrative of events leading up to defendant's arrest. In any event, even assuming that this testimony could be considered evidence of prior bad acts, its probative value exceeded its prejudicial effect. We also note that the court offered to deliver a limiting instruction, which defendant declined. Concur—Mazzarelli, J.P., Saxe, Gonzalez and Acosta, JJ.