■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVORN HARDY, Appellant. [877 NYS2d 329]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered November 8, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony drug offender, to an aggregate term of six years, unanimously affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The prosecutor explained that she had challenged the panelist at issue because she believed the panelist, as an aspiring social worker, might be sympathetic to the defense. This was a nonpretextual reason (*see People v Wint*, 237 AD2d 195, 197-198 [1997], *lv denied* 89 NY2d 1103 [1997]). Defense counsel then argued that this reason was pretextual and the court, by permitting the peremptory challenge to stand, implicitly rejected the pretext argument and found the proffered reason nonpretextual (*see People v Pena*, 251 AD2d 26, 34 [1998], *lv denied* 92 NY2d 929 [1998]; *compare Dolphy v Mantello*, 552 F3d 236, 239 [2d Cir 2009]). This finding is entitled to great deference and is supported by the record (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). Defendant argues that the prosecutor's failure to challenge panelists who were similarly situated, except as to national origin, later in jury selection demonstrated that the challenge was pretextual. However, defendant did not ask the court to revisit its completed *Batson* determination on the basis of these new developments. We find this argument unpreserved, and we decline to review it in the interest of justice. In this case, "an

exploration of the alleged similarities at the time of trial might have shown that the jurors in question were not really comparable" (*Snyder v Louisiana*, 552 US —, —, 128 S Ct 1203, 1211 [2008]). As an alternative holding, we also reject it on the merits. Although a subsequent panelist also had a background in social work, the prosecutor actually exercised a peremptory challenge against her, and only after no other questioned panelist remained did the prosecutor permit her to serve as the second alternate juror, a position likely to prove superfluous in a short trial. Accordingly, there was no disparate treatment of comparable panelists. We have considered and rejected defendant's remaining arguments on the *Batson* issue.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The comments that defendant characterizes as vouching were permissible record-based credibility arguments (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). Concur—Gonzalez, P.J., Tom, Sweeny, Buckley and Acosta, JJ.