THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CABRERA, Appellant. [28 NYS3d 681]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 1, 2014, convicting defendant, after a nonjury trial, of burglary in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.

The People laid a sufficient foundation for the admission of a video disc consisting of a compilation of portions of footage drawn from numerous police surveillance cameras in a Housing Authority building. Authentication was provided by a competent police witness (*see People v Patterson*, 93 NY2d 80, 84 [1999]), who testified in detail about the videotaping and compilation process. She explained that she viewed several hours of videotape and created a 30-minute disc that included all the footage that was relevant to the case, that is, all views

of any persons involved in this case entering and leaving the building. There is no basis for disturbing the court's credibility determinations, and no reason to believe that the compilation was incomplete or otherwise unsatisfactory.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). To the extent the court's verdict may have rested on the theory of accomplice liability, this was entirely proper notwithstanding that the court never announced that it would "charge itself" on that theory. While there may be situations where the court in a nonjury trial should inform the parties that it is considering certain matters, such as lesser included offenses, there is generally no requirement that a judge, who is presumed to decide a case "based upon appropriate legal criteria" (*People v Moreno*, 70 NY2d 403, 406 [1987]), formally "charge" or announce the applicability of any particular legal principles.

Defendant has not established that he was prejudiced by the People's midtrial disclosure of impeachment material to which defendant was entitled under *Brady v Maryland* (373 US 83 [1963]). Defendant received a sufficient opportunity to cross-examine the witness using this evidence (*see People v Brown*, 67 NY2d 555, 559 [1986], *cert denied* 479 US 1093 [1987]). The People had not originally intended to call the witness at issue, and they disclosed the impeachment material immediately after learning that this witness's testimony was necessary to authenticate the videotape. The court provided a suitable remedy when it offered defendant an adjournment to prepare for cross-examination, a remedy that could have readily been implemented in a nonjury trial, but that offer was declined. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.