People v Yanez (2020 NY Slip Op 01093)





People v Yanez


2020 NY Slip Op 01093


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-02867
 (Ind. No. 1893/16)

[*1]The People of the State of New York, respondent,
v
Marvin Yanez, appellant. Kristina S. Heuser, P.C., Locust Valley, NY, for appellant.


Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered January 25, 2018, convicting him of murder in the second degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court providently exercised its discretion in admitting optical discs containing surveillance videos from various video surveillance systems, as the People presented sufficient evidence that the videos truly and accurately represented what was before the cameras (see People v Patterson, 93 NY2d 80, 84; People v Costello, 128 AD3d 848). The fact that the time stamps on some of the videos differed from the time the videos were actually recorded went to the weight of the evidence, not its admissibility (see People v Orlando, 61 AD3d 1001; People v Gibbons, 18 AD3d 773; People v Jackson, 200 AD2d 856, 858). The court also providently exercised its discretion in admitting into evidence a "timeline video" containing footage compiled from various surveillance videos as an aid to the jury. The detective who created the video testified about the compilation process, explained that he added captions to the video to show the correct date and time each video was recorded, and the court instructed the jury to evaluate the accuracy of the compilation by evaluating the detective's credibility (see People v Cabrera, 137 AD3d 707; People v Shields, 100 AD3d 549, 550-551).
Contrary to the defendant's contention, the Supreme Court did not err in permitting [*2]a witness to testify that in the hours before the victim was killed, the defendant fought with the victim and threatened him. "[T]he hearsay rule does not exclude the admission of out-of-court statements demonstrating the state of mind of the declarant when that state of mind is an issue in the case" (People v Chambers, 125 AD2d 88, 91). Moreover, "when a particular act of the declarant is at issue, the declarant's statement of a future intent to perform that act is admissible as proof of the declarant's intent on that issue and as inferential proof that the declarant carried out [or attempted to carry out] his intent" (id. at 91; see People v James, 93 NY2d 620; People v Kimes, 37 AD3d 1, 10; People v D'Arton, 289 AD2d 711, 712-713).
The defendant's remaining contention is without merit.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court