People v Gonzalez (2020 NY Slip Op 03740)





People v Gonzalez


2020 NY Slip Op 03740


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


11754 2699/14

[*1] The People of the State of New York, Respondent,
v
Rafael Gonzalez, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kristian D. Amundsen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Robert A. Neary, J.), rendered August 2, 2017, convicting defendant, after a jury trial, of attempted gang assault in the first degree and assault in the third degree (two counts), and sentencing him to an aggregate term of 8½ years, unanimously affirmed.
The court providently exercised its discretion in responding to the People's belated disclosure of some records relating to the two victims' injuries by adjourning for four days and allowing recross-examination of the victims, while denying requests for a mistrial or preclusion of certain evidence (see People v Cabrera, 137 AD3d 707, 708 [1st Dept 2016], lv denied 27 NY3d 1129 [2016]). The court reasonably found that the People's delay in obtaining the records, including some materials concerning shoulder surgery received by one victim, did not result in substantial prejudice, because, among other things, the defense had received other records of the same surgery about two weeks earlier, well before the opening statements. These other records adequately revealed the extent and significance of the victims' injuries, and we find unpersuasive defendant's argument that his trial strategy was impacted by the belated disclosure of the records at issue. Moreover, the delay was not caused by bad faith (see People v Aulet, 221 AD2d 281, 283 [1st Dept 1995], lv denied 88 NY2d 980 [1996]). In any event, any error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's arguments concerning the People's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]). Any improprieties in the challenged remarks by the prosecutor were not so egregious as to deprive defendant of a fair trial (see People v D'Alessandro, 184 AD2d 114 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK