People v Wilson (2020 NY Slip Op 05151)





People v Wilson


2020 NY Slip Op 05151


Decided on September 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 29, 2020

Ind No. 171/15 Appeal No. 11892 Case No. 2018-3129 

Before: Acosta, P.J., Webber, Moulton, Shulman, JJ. 


[*1]The People of the State of New York, Respondent,
v
Marcus Wilson, Defendant-Appellant.


Office of the Appellate Defender, New York (Christina Swarns of counsel), and Kaplan Hecker & Fink, LLP, New York (Benjamin D. White of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diana Wang of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered July 6, 2017, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a persistent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.
The court providently exercised its discretion in permitting the People to elicit testimony that, following the robbery, defendant had access to and was in possession of a starter pistol that resembled the weapon used in the robbery. This evidence was relevant to establish defendant's identity as one of the robbers (see e.g. People v Del Vermo, 192 NY 470, 478-482 [1908]; People v Alexander, 169 AD3d 571, 571 [1st Dept 2019], lv denied 34 NY3d 927 [2019]; People v Pimental, 48 AD3d 321, 321-22 [1st Dept 2008], lv denied 10 NY3d 843 [2008]). Contrary to defendant's contention, there was ample evidence in the record that the starter pistol resembled or was similar to the weapon displayed in the robbery. The probative value of this evidence outweighed any prejudicial effect.
The court also providently exercised its discretion in admitting a surveillance videotape. The videotape was sufficiently authenticated through testimony of a police sergeant who worked in the unit that operated and maintained the surveillance system, and who provided detailed testimony about his familiarity with the surveillance system and how it functioned (see People v Patterson, 93 NY2d 80, 84 [1999]). Among other things, the sergeant provided competent testimony about the accuracy of the system's time stamps.
Defendant's challenge to the prosecutor's summation is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find no basis for reversal (see People v D'Alessandro, 184 AD2d 114, 118-20 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
The court properly exercised its discretion in adjudicating defendant a persistent felony offender, in light of his extensive criminal history. We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2020