People v Brown (2022 NY Slip Op 02205)





People v Brown


2022 NY Slip Op 02205


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Renwick, J.P., Gesmer, Singh, Rodriguez, JJ. 


Ind No. 811/17 Appeal No. 15629 Case No. 2018-03479 

[*1]The People of the State of New York, Respondent,
v
Jumel Brown, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered January 11, 2018, convicting defendant, after a jury trial, of four counts each of burglary in the second and third degrees, and sentencing him to an aggregate term of six years, unanimously modified, on the law, to the extent of vacating the second-degree burglary convictions under counts three and four of the indictment and dismissing those counts, and remanding for resentencing on the remaining convictions, and otherwise affirmed.
Defendant's convictions under counts three and four of the indictment, regarding the 2017 thefts of laptop computers from the Physicians & Surgeons Building at Columbia University Medical Center, were not supported by legally sufficient evidence of the "dwelling" element of burglary in the second degree (see Penal Law § 140.00[3]). There was no evidence that patients stayed overnight in this building. The People's reliance on Penal Law § 140.00(2) is unavailing, because no "unit" within the building is a dwelling. Although the building was part of a large campus covering several blocks, there was insufficient evidence that this building provided defendant with ready access via connecting elevators, stairwells, or corridors to other buildings, where hospital patients stayed overnight and which was, in any event, at a considerable distance (see People v McCray, 23 NY3d 621, 627-30 [2014]).
However, the corresponding third-degree burglary convictions, and the second-degree burglary convictions involving hospital buildings that undisputedly qualified as dwellings, were supported by legally sufficient evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports conclusions that defendant was the man shown in a series of surveillance videotapes, and that, based on his conduct and the timing of his appearances in or near the rooms from where laptops were stolen, he was the person who stole the laptops. The evidence also established that, although all the buildings in question were open to the public, defendant defied a "lawful order not to enter" (Penal Law § 140.00[5]), consisting of a trespass notice excluding him from
Columbia University property. This notice's "enforcement did not unlawfully inhibit or circumscribe the defendant from engaging in constitutionally or statutorily protected conduct" (People v Leonard, 62 NY2d 404, 411 [1984]). The form did not infringe on defendant's right to medical treatment because the evidence established that a patient subject to such a notice would not be turned away for emergency treatment and would be able to complete ongoing medical treatment. Therefore, the form's "enforcement" (id.) did not deprive defendant of any constitutional or statutory right. Moreover, there was no evidence that defendant was actually seeking medical treatment at any of the times he entered Columbia property.
The court providently exercised its discretion in admitting the videotape evidence (see generally People [*2]v Patterson, 93 NY2d 80, 84 [1999]). Although the authenticating witness was an investigator rather than a technician, he was sufficiently familiar with the work of the technicians and the operations and maintenance of the video surveillance system to provide the required testimony (see People v Wilson, 186 AD3d 1166, 1166 [1st Dept 2020], lv denied 36 NY3d 1054 [2021]). The record gives no reason to doubt that the date and time stamps on these videotapes, depicting defendant at the locations where the victims' laptops were taken (but not showing him actually stealing them), matched the dates and times when the victims discovered that their laptops were missing. In any event, such an issue goes to the weight of the videotape evidence, not its admissibility (see People v Sanders, 185 AD3d 1280, 1283 [3d Dept 2020], lv denied 35 NY3d 1115 [2020]; People v Yanez, 180 AD3d 816 [2d Dept 2020]).
Defendant did not preserve his claim that the People violated their obligations under Brady v Maryland (373 US 83 [1963]), and we decline to review it in the interest of justice. As an alternative holding, we find that this claim is unreviewable for lack of a sufficient record (see People v McLean, 15 NY3d 117, 119 [2010]; People v Kinchen, 60 NY2d 772, 773-774 [1983]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022