People v Thomas (2024 NY Slip Op 01521)

People v Thomas

2024 NY Slip Op 01521

Decided on March 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2024

Before: Oing, J.P., Kapnick, Kennedy, Mendez, Higgitt, JJ. 

Ind. No. 2389/17 Appeal No. 1726 Case No. 2019-3932 

[*1]The People of the State of New York, Respondent,
v
Daniel Thomas, Appellant.

Twyla Carter, The Legal Aid Society, New York (John M. Boselli of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered January 11, 2019, convicting defendant, after a jury trial, of grand larceny in the fourth degree (three counts) and criminal possession of stolen property in the fourth degree (three counts), and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.
Defendant's legal sufficiency claim relating to counts 6 and 12 is concededly unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict as to all counts was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. The surveillance video clearly showed that defendant took the victim's wallet from her purse, and the victim's testimony regarding the contents of her wallet, corroborated by the security officer to whom the victim reported the theft, established that the wallet contained the credit cards which were the subjects of the counts of which defendant was convicted.
The reason given by the trial court for denying defendant's request to submit petit larceny as a lesser included offense of grand larceny was erroneous, but this error was harmless as denial of the request was proper. There was no reasonable view of the evidence, viewed in the light most favorable to defendant, that would support a finding that he committed the lesser offense but not the greater; i.e. that he stole the victim's wallet, but that the wallet did not contain any credit cards (see People v Rivera, 23 NY3d 112, 120 [2014]; People v Negron, 91 NY2d 788 [1998]; People v Desnoyer, 49 AD3d 297, 298 [1st Dept 2008], lv denied 10 NY3d 861 [2008], lv denied 10 NY3d 870 [2008]). The victim's testimony was consistent that her wallet contained credit cards at the time it was stolen by defendant, a circumstance that necessarily elevates the offense to grand larceny in the fourth degree (see People v Brewer, 176 AD2d 145, 146 [1st Dept 1991], lv denied 79 NY2d 825 [1991]). Defendant's additional contention that the court should have submitted criminal possession of stolen property in the fifth degree as a lesser included offense of criminal possession of stolen property in the fourth degree is concededly unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
The court providently exercised its discretion in admitting the surveillance video. The video was authenticated by the security officer who "was sufficiently familiar with the work of the technicians and the operations and maintenance of the video
surveillance system to provide the required testimony" (People v Brown, 203 AD3d 666, 667 [1st Dept 2022], lv denied 38 NY3d 1132 [2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: March 19, 2024