People v Stewart (2025 NY Slip Op 05175)

People v Stewart

2025 NY Slip Op 05175

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Manzanet-Daniels, J.P., Gonzalez, Mendez, Rodriguez, Rosado, JJ. 

Ind. No. 752/20|Appeal No. 4670|Case No. 2024-00514|

[*1]The People of the State of New York, Respondent,
v
Sterling Stewart, Defendant-Appellant.

Barry Krinsky, Brooklyn, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 8, 2024, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree, and endangering the welfare of a child, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.
The court properly denied defendant's suppression motion. The credible evidence established that when the officer, who heard gunshots from the area of 101st Street and First Avenue, arrived at the intersection, he saw people pointing to defendant, who was the only person running from the scene. Based on those observations, the officers had reasonable suspicion justifying their pursuit of defendant and allowing them to stop him for further investigation (see People v Moore, 6 NY3d 496, 499-501 [2006]; People v Holmes, 81 NY2d 1056, 1058 [1993]; People v Martinez, 80 NY2d 444, 446 [1992]). Because the officer heard shots fired and bystanders told the officers that they had seen defendant shoot a man, the officers were entitled to pat down defendant for weapons (see People v Batista, 88 NY2d 650, 654 [1996]). The recovery of the gun provided the officers with probable cause to arrest defendant and to perform a search incident to arrest (see People v Capers, 298 AD2d 184 [1st Dept 2002], lv denied 99 NY2d 580 [2003]). Defendant's claim that the chase by the second officer, who did not testify at the suppression hearing, constituted an unlawful seizure without probable cause is improperly based on the trial testimony and thus cannot be used to support his suppression claim (see People v Church, 217 AD2d 444, 445 [1st Dept 1995], lv denied 87 NY2d 920 [1996]). Moreover, the argument is unavailing. That the officer drew his gun while chasing an armed suspect did not transform the stop into an arrest (see People v Price, 194 AD2d 634 [2d Dept 1993], lv denied 82 NY2d 758 [1993]).
The court did not abuse its discretion in consolidating the indictment against defendant with the two indictments against codefendant, the first of which charged codefendant with the identical murder and weapon possession crimes charged against defendant, and the second of which charged codefendant with separate weapon possession charges that arose when codefendant was apprehended on a warrant on the murder charge (see People v Lane, 56 NY2d 1, 8 [1982]). The two indictments against codefendant were joinable, even though based upon different criminal transactions, because proof of one offense "would be material and admissible as evidence in chief upon a trial of the [other offense]" (CPL 200.20[2][b]). Because the separate indictments charging defendant and codefendant with the murder and the weapon possession related to it could have been charged in the same indictment, they were properly consolidated (see CPL 200.40[1][c]). Further, consolidation of the three indictments caused no prejudice to defendant, where evidence of codefendant's separate weapon possession case was "easily segregable in the minds of the jurors" (People v Carlucci, 196 AD3d 418, 419 [1st Dept 2021], lv denied 37 NY3d 1026 [2021]; People v Screahben, 35 AD3d 246, 246 [1st Dept 2006], lv denied 8 NY3d 884 [2007]), and consolidation served the interests of judicial economy and efficient prosecution.
Defendant did not preserve his claim that the admission, as excited utterances, of two nontestifying declarants' statements at the scene of defendant's apprehension violated the Confrontation Clause (see People v Kello, 96 NY2d 740, 743-744 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we find that those statements, made to an officer by bystanders who saw the shooting and the officers' pursuit of defendant, were nontestimonial because they were made to an officer whose primary purpose was to determine what had happened and to ensure the safety of other persons (see Davis v Washington, 547 US 813, 822 [2006]; People v Nieves-Andino, 9 NY3d 12, 15-16 [2007]).
The court properly admitted a compilation video, authenticated by a witness who explained that it was comprised of footage from various surveillance videos and defendant's arrest photo (see People v Cabrera, 137 AD3d 707, 707-708 [1st Dept 2016], lv denied 27 NY3d 1129 [2016]). The compilation was comprised of videos that had already been admitted and authenticated, or had been admitted subject to connection and subsequently authenticated. The additions made by the technician, such as inserting words, circles, and arrows, "merely highlighted portions of the video rather than changed the substance of the video" (see People v Fernandez, 210 AD3d 693, 696 [2d Dept 2022], lv denied 39 NY3d 1072 [2023]).
The statement by the victim's girlfriend to the victim's mother should not have been admitted. During the few minutes following the shooting, the victim's girlfriend spoke to officers and also called the victim's mother. The victim's girlfriend told officers that she did not know the shooter, only describing his clothing. In the call with the victim's mother, however, she specifically identified defendant as the shooter. In view of this discrepancy during the immediate wake of the incident, the victim's girlfriend's statement from the call was improperly admitted as an excited utterance (see People v Hernandez, 28 NY3d 1056, 1057 [2016] [excited utterance exception applies when "declarant was under the stress of excitement and 'lack[ed] the reflective capacity essential for fabrication'"], quoting People v Johnson, 1 NY3d 302, 306 [2003]). Nevertheless, the proof of defendant's identity and guilt, including the video compilation and ballistics evidence, was overwhelming without reference to the victim's girlfriend's statement. Of note, the video showed defendant continuously before, during, and after the shooting until his arrest, all while wearing a distinctive jacket and other consistently identifiable articles. Moreover, the error was harmless, as "there is no reasonable possibility that the error might have contributed to defendant's conviction" (People v Mairena, 34 NY3d 473, 485 [2019], quoting People v Crimmins, 36 NY2d 230, 237 [1975]; see Johnson, 1 NY3d at 306-308). Defendant preserved only one of his challenges to the prosecutor's summation, and we decline to review his unpreserved claims in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 143 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The comments made during the prosecutor's summation that defendant characterizes as impermissible vouching and improper speculation were permissible, record-based credibility arguments and were responsive to defendant's summation arguments (see People v Hardy, 61 AD3d 616, 617 [1st Dept 2009], lv denied 13 NY3d 744 [2009]). Based on the circumstances of the victim's killing as contained in the trial record, the remarks characterizing the shooting as an execution were fair comments based upon the evidence (see People v Perez, 165 AD2d 658, 660 [1st Dept 1990], lv denied 76 NY2d 986 [1990]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025